BEAUMONT v. COMMERCIAL CASUALTY INSURANCE CO.

1. INSURANCE—PROOFS OF LOSS—WAIVER.
    Denial of liability on the ground of cancellation of the policy, by the insurer or its authorized agent, is a waiver of proof of loss.

2. SAME—CANCELLATION MUST BE EXPLICIT.
    Notice of cancellation of an insurance policy must be according to the provisions of the policy and be peremptory, explicit, and unconditional, and is not sufficient if it is equivocal or merely states a desire or intention to cancel.

3. SAME—DEFECTIVE CANCELLATION NOTICE MAY BE WAIVED.
    Defective cancellation of an insurance policy may be ratified, and strict policy notice waived.

4. SAME—RATIFICATION OF CANCELLATION.
    Insured's letter to insurer's agents, in response to a letter stating their intention to cancel the policy by a certain date, expressing insured's surprise at said action, stating that insured was withholding further payments on account until receipt of credit memorandums covering refund on the policy, and inquiring whether another policy was also to be canceled,

As to sufficiency of notice to insured of cancellation of policy, see annotation in 50 L. R. A. (N. S.) 36.

was no more than the statement of assumption that insurer's agents would carry out their desire to cancel, and did not amount to ratification of cancellation.

5. Same—Mere Notice of Intention to Cancel Does Not Cancel. Where a letter of insurer's agents to insured expressing an intention to cancel the policy by a certain date was followed by no other action on insurer's part, and there was no act of either insured or insurer indicating that they treated the policy as at an end, there was no cancellation.

Error to Wayne; Webster (Clyde I.), J. Submitted October 17, 1928. (Docket No. 62, Calendar No. 33,796.) Decided December 4, 1928.

Assumpsit by Ross Beaumont, doing business as Beaumont Consolidated Delivery System, against the Commercial Casualty Insurance Company, on a policy of insurance. Judgment for defendant. Plaintiff brings error. Reversed.

*Frank C. Sibley,* for appellant.

*Frederick J. Ward,* for appellee.

Fead, C. J. Plaintiff is engaged in the city of Detroit in the business of delivering merchandise for retail and wholesale houses to their customers. He had insurance with defendant, which, among other things, covered loss by theft of goods in process of delivery by him. He obtained the insurance from Kelly, Halla, Peacock & Hughes, general agents of defendant for Wayne county, who had authority to issue and cancel policies, receive claims of loss and to deny liability when no policy was in force. Plaintiff brought this suit on the policy on account of theft from his driver on November 5, 1923, and offered competent evidence of loss; and also for prior alleged thefts which the court properly held were not sufficiently proved to warrant their sub-

mission to the jury as the testimony thereon was hearsay. The jury found for defendant. The principal questions, both of which were submitted to the jury, involved plaintiff's failure to file proofs of loss and a claimed cancellation of the policy.

On November 6th, plaintiff reported the loss of November 5th to Kelly, Halla, Peacock & Hughes, who, on November 12th, denied responsibility on the ground that the policy had been canceled. The undisputed evidence of a member of the firm was that it had authority to deny liability on that ground. Denial of liability on the ground of cancellation of the policy, by the insurer or its authorized agent, is a waiver of proof of loss. *Improved Match Co.* v. *Insurance Co.*, 122 Mich. 256.

On October 22d, Kelly, Halla, Peacock & Hughes wrote plaintiff, complaining of the number of losses he had reported, and said:

"In view of our experience with this policy we could not ask our company to continue on same, and ask that you kindly endeavor to procure this insurance with some other company by November 1st, at which time we would like to be relieved."

On October 31st, plaintiff replied and expressed surprise that "you propose to cancel Commercial Casualty Policy C. R. 6031, effective November 1st;" explained the reasons for the number of claims; stated, "We are withholding further payments on our account until we receive credit memorandums covering refund on this policy from November 1st;" and concluded, "Do we understand that the insurance covering inside holdup is to be canceled also November 1st? Please advise." No reply was made to this letter.

Notice of cancellation of an insurance policy must be according to the provisions of the policy and be

peremptory, explicit, and unconditional. *American Fidelity Co.* v. *R. L. Ginsburg Sons' Co.*, 187 Mich. 264. It is not sufficient if it is equivocal or merely states a desire or intention to cancel. 14 R. C. L. p. 1009.

The policy provided:

"This policy may be canceled at any time by either of the parties upon written notice to the other party stating when thereafter cancellation shall be effective and the date of cancellation shall then be the end of the policy period."

Defendant concedes that its notice of October 22d was not sufficient, but contends that plaintiff's reply constituted a meeting of minds and ratification of cancellation. Defective cancellation may be ratified (26 C. J. p. 143), and, of course, strict policy notice may be waived. But plaintiff's letter may be fairly construed as no more than the statement of his assumption that defendant's agents would carry out their desire to cancel. There was no present cancellation effective later. Future action by defendant was required. See *Chrisman & Sawyer Banking Co.* v. *Insurance Co.*, 75 Mo. App. 310, 314. Before loss, no further action was had by way of notice to plaintiff, through submission of the requested memorandum or otherwise, that the desire to cancel had been carried out; nor, before loss, was any act of plaintiff or defendant shown which indicated that either had treated the policy as at an end, or so claimed. Upon the record, the court should have held and directed the jury that the policy had not been canceled.

Judgment is reversed, and new trial ordered, with costs.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.